**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10372 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00297-RLH-GWF-1 |
| v. | |
| ALAN BUITRE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted March 13, 2012[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for Western Washington, sitting by designation.

Alan Buitre pled guilty and was sentenced the statutory minimum of five years in prison for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). On appeal, Buitre argues his trial counsel was ineffective. Specifically, Buitre claims trial counsel misinformed him about the advisory guideline range, and failed to correct a serious flaw in the government's memorandum of plea.

Ordinarily, we would not consider an ineffective assistance claim on direct appeal. United States v. McKenna, 327 F.3d 830, 845 (9th Cir. 2003). However, the record is sufficiently developed to permit review and determination of the issue. United States v. Daychild, 357 F.3d 1082, 1095 (9th Cir. 2004).

Buitre claims that trial counsel misinformed him and failed to correct errors in the government's memorandum of plea. Additionally, a scrivener's error in the government's "no-plea memo" erroneously referred to a charge of bank robbery. This unusual error had no impact on the outcome of Buitre's case. Buitre received the statutory minimum sentence of five years for receipt of child pornography. He was informed of the statutory minimum in the draft plea agreement. Therefore, whatever the claimed misrepresentations, Buitre cannot establish prejudice, and his appeal is denied. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Further, a defense counsel's inaccurate prediction of sentence, without more, does

not constitute ineffective assistance of counsel. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

The parties agree, however, that Buitre's conviction of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) should be vacated. The docket notation of the change-of-plea hearing states incorrectly that Buitre pled guilty to a charge for receipt of child pornography and also to a charge for possession of child pornography. In fact, Buitre pled only to the receipt charge. Even had Buitre pled to both charges, possession is a lesser included charge of receipt. United States v. Davenport, 519 F.3d 940, 947-48 (9th Cir. 2008). Thus, even if Buitre had pled guilty to both charges, the district court should have vacated the lesser charge and entered final judgment of conviction only on the greater charge—receipt. United States v. Maier, 646 F.3d 1148, 1154 (9th Cir. 2011).

Therefore, we reject Buitre's ineffective assistance appeal and AFFIRM his conviction for receipt of child pornography and his five year sentence. However, we REMAND with instructions to vacate the conviction and sentence for possession of child pornography.